Randall B. Bateman (USB 6482)
Sarah W. Matthews (USB 13295)
DURHAM JONES & PINEGARSalt
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Tel: (801) 415-3000/Fax: (801) 415-3500
Email: ipg@djplaw.com; rbb@djplaw.com

*Attorneys for Plaintiff Pepperwood Homeowners Association*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PEPPERWOOD HOMEOWNERS ASSOCIATION, a Utah Corporation<br><br>          Plaintiff,<br>     vs.<br><br>N2 PUBLISHING and BEAU ENSLOW, an individual,<br><br>          Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>**Case No. 2:17-cv-01013-EJF**<br><br>**Judge Evelyn J. Furse** |

Plaintiff Pepperwood Homeowners Association complains against Defendants N2 Publishing and Beau Enslow as follows:

### PARTIES

1. On information and belief, N2 Publishing is a limited liability company having a principle place of business in Wilmington, North Carolina.

2. On information and belief, Beau Enslow ("Enslow") is a resident of Vineyard, Utah.

3. Plaintiff Pepperwood Homeowners Association ("Pepperwood HOA") is a non-profit corporation in the State of Utah having a principle place of business in Sandy, Utah.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are related to the claim of this action within the Court's original jurisdiction.

6. This Court has personal jurisdiction over the Defendants, as the acts alleged herein occurred in this District and in that Enslow resides in this District and is an employee and/or agent of N2 Publishing.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims stated herein have occurred in this District.

## GENERAL ALLEGATIONS

8. Pepperwood is a private community of luxury homes located in Sandy, Utah.

9. The community has used the name Pepperwood for approximately 40 years to identify the private community and services provided therein.

10. Pepperwood is well known throughout the Wasatch Front and the state of Utah.

11. Pepperwood has approximately 600 homes, the owners of which are members of Plaintiff Pepperwood Homeowners Association (Pepperwood HOA).

12. Pepperwood HOA provides a variety of services to its members, including

monthly newsletters providing information about activities occurring in Pepperwood and other matters of interest.

13. Defendant Enslow formerly lived in Pepperwood.

14. Enslow was neither an owner or member of the HOA under the definition of the CC&R's.

15. Enslow commenced marketing a publication on behalf of N2 Publishing in a manner which suggested to the public that he was acting on behalf of the Pepperwood HOA.

16. Thereafter, Enslow and N2 Publishing published a magazine called Pepperwood, which was directed to residents of Pepperwood.

17. On information and belief, residents of Pepperwood and members of Pepperwood HOA believed that the magazine was associated with Pepperwood HOA.

18. The Board of Trustees of the Pepperwood HOA advised Enslow and N2 Publishing that the name Pepperwood was a trademark of Pepperwood HOA and that N2 Publishing could not use it for their commercial purposes.

19. On or about January 2014, N2 Publishing changed the name of their magazine from Pepperwood to "Behind the Gates," alluding to Pepperwood's status as a gated community.

20. Despite the name change, N2 Publishing and Enslow have continued to make representations to the public that they were acting on behalf of or affiliated with Pepperwood HOA.

21. N2 Publishing later changed the name to Our Neighborhood, a Social Publication for the Residents of Pepperwood.

22. On or about June 8, 2017, Pepperwood HOA again advised Enslow and N2 Publishing of their violation of the Pepperwood trademark and the misrepresentations to the public regarding their association with Pepperwood HOA and their use of the Pepperwood trademark name.

23. Both Enslow and N2 Publishing have continued to misrepresent themselves, and hold themselves out as being associated, affiliated and/or endorsed by Pepperwood HOA and continue to use the name of Pepperwood and Pepperwood HOA for their own commercial purposes.

24. Attached hereto as Exhibit A is one email, representative of hundreds of emails, sent out by Enslow on behalf of himself and N2 Publishing misrepresenting themselves as speaking on behalf of Pepperwood.

25. Over the signature of Enslow, Defendants have repeatedly used a form letter which says in part,

> "I work with the resident[s] over in Pepperwood neighborhood in Sandy, Utah. I help them with their private monthly publication where they put in pictures of their families, pets, kids and events. Your business was brought to our attention as possibly one we would recommend to our residents. My role is just to find those businesses who are living up to our residents' expectations. If a business wants to reach the residents in Pepperwood we help them do that as well."

26. Defendants have continued to create a false appearance of affiliation, connection, association, sponsorship and/or approval by Pepperwood HOA and Defendants' services.

## COUNT I

### (Federal Unfair Competition/False Advertising – 15 U.S.C. § 1125(a)

27. Plaintiff incorporates the foregoing allegations and further alleges:

4

28. Pepperwood is a well-known source identifier for the luxury community and services provided by Plaintiff Pepperwood HOA.

29. Because of its association with luxury homes and the services of a private, gated community, the Pepperwood mark is highly valuable.

30. Pepperwood is either arbitrary or suggestive and is entitled to trademark status due to its use.

31. Moreover, Pepperwood has developed good will due to its prolonged use in conjunction with the services provided by Pepperwood HOA.

32. Defendants have repeatedly used the Pepperwood mark in a manner to create a false designation of origin and to create a false sense of affiliation, connection, association, sponsorship and/or approval between Defendants' services and Plaintiff Pepperwood HOA.

33. Defendants' conduct is knowing and willful, as Defendants have continued to engage in the conduct despite multiple warnings from Pepperwood HOA.

34. Defendants' conduct has injured Pepperwood HOA and will continued to harm Pepperwood HOA unless Defendants' are enjoined.

35. Plaintiff Pepperwood HOA is without adequate remedy at law.

36. Therefore, Pepperwood HOA states a cause of action against Defendants for Unfair Competition under 15 U.S.C.§ 1125(a).

## COUNT II

**(Utah Trademark Infringement – Utah Code Ann. 70-3a-402)**

37. Plaintiff incorporates the foregoing allegations and further alleges:

38. Pepperwood HOA is the owner of a Utah Trademark Registration for the mark

Pepperwood.  A copy of the registration certificate for the mark is attached hereto as Exhibit B.

39.     Defendants have infringed upon Plaintiff's registered trademark in the sale and advertising of their services by using Plaintiff's mark in a manner which is likely to cause confusion, mistake or to deceive as to the source of origin, nature or quality of those goods or services.

40.     On information and belief, Defendants intended to cause confusion or mistake or to deceive the recipients of their solicitations to believe that they were affiliated, associated or approved by Plaintiff Pepperwood HOA.

41.     On information and belief, Defendants actions were done knowingly and in bad faith.

42.     Wherefore, Plaintiff asserts a claim against Defendants for trademark infringement under Utah state law.

## COUNT III

### (Dilution – Utah Code Ann. § 70-3a-403)

43.     Plaintiff incorporates the foregoing allegations and further alleges:

44.     Pepperwood HOA is the owner of a Utah Trademark Registration for the mark Pepperwood.

45.     Pepperwood HOA has been using the mark Pepperwood to promote its services for approximately 40 years.

46.     The Pepperwood mark has been widely advertised and has become famous in the state of Utah.

47. Defendants' actions are tarnishing the Pepperwood mark and creating confusion in the state of Utah.

48. On information and belief, Defendants' actions are knowing and willful and are intended to trade off the goodwill in the Pepperwood mark.

49. Wherefore, Pepperwood HOA states a claim against Defendants for dilution under Utah state law.

## COUNT IV

**(Utah Truth In Advertising Act-Deceptive Trade Practices – Utah Code Ann. § 13-11a-3)**

50. Plaintiff incorporates the foregoing allegations and further alleges:

51. In the course of marketing their product and services, Defendants caused a likelihood of confusion or of misunderstanding as to the affiliation, connection, association with or certification by Plaintiff Pepperwood HOA.

52. Defendants were placed on notice of their violation of Pepperwood HOA's rights and had an opportunity to correct their misleading solicitations.

53. Defendants have failed to promulgate a correction notice.

54. Therefore, Pepperwood HOA states a claim against Defendants for violation of the Utah Truth In Advertising Act.

## COUNT V

**(Common Law Trademark Infringement)**

55. Plaintiff incorporates the foregoing allegations and further alleges:

56. Plaintiff Pepperwood HOA has common law trademark/service mark rights in the mark Pepperwood based on the long and exclusive use thereof by Pepperwood HOA.

57. Defendants have infringed the Pepperwood mark by using the mark to create a likelihood of confusion while marketing their goods and services.

58. Therefore, Pepperwood HOA states a claim against Defendants for common law infringement.

## PRAYER FOR RELIEF

In view of the foregoing, Pepperwood HOA asks this Court to grant relief as follows:

1. For Judgment that Defendants have engaged in unfair advertising in violation of 15 U.S.C. § 1125(a);

2. For Judgment that Defendants have infringed Pepperwood HOA's trademark in Violation of Utah Code Ann. § 70-3a-402;

3. For Judgment that Defendants have engaged in trademark dilution in violation of Utah Code Ann. § 70-3a-403;

4. For Judgment that Defendants have engaged in deceptive trade practices in light violation of Utah Code Ann. § 13-11a-4;

5. For an award of Pepperwood HOA's damages in an amount to be proven at trial;

6. For an award of Defendants' profits in an amount to be proven at trial;

7. For an injunction against further infringing conduct and dilution by Defendants;

8. For an award of statutory damages;

9. For an award of trebled damages;

10. For Pepperwood HOA's Attorneys' fees and costs; and

11. For such other award as the Court considers just.

## JURY DEMAND

Pepperwood HOA seeks a trial by jury of all issues so triable.

                        DURHAM JONES & PINEGAR

                        /s/ Randall B. Bateman
                        Randall B. Bateman
                        Sarah W. Matthews

                        *Attorneys for Plaintiff*
                        Pepperwood Homeowners Association